I respectfully dissent and would approve the well reasoned enbanc decision of the district court of appeal. The evidence showed that in the department store, the defendants placed some displayed items in a plastic bag. At this point the defendants had committed neither robbery nor theft; in fact they had done nothing illegal yet. When they tried to leave without paying for the items, however, a store detective tried to stop them. The defendants used force to get past the detective and out the door. Thus the force was used contemporaneously with the taking. The district court accurately found "that the pushing aside of the store detective by Ellison was . . . force involved in the taking of the property and that the use of the pistol in the automobile occurred concurrent with the taking because possession of the property was still in continuing dispute." Royal v. State, 452 So.2d 1098, 1100 (Fla. 5th DCA 1984).